IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE

JON COLLIER and wife, VIRGINIA
COLLIER, individually and on behalf of
S.D.C., their minor daughter,

    Plaintiffs,

VS.

WELLMONT HEALTH SYSTEM d/b/a
WELLMONT HOLSTON VALLEY MEDICAL
CENTER; WELLMONT MEDICAL
ASSOCIATES, INC.; JAMES PATRICK
BECKNER, M.D.; ANDREA E. KING, R.N.
and AMY K. SKERLEC, R.N.,

    Defendants.

Civil Action No. 2:15-c-00330

Jury Demanded

## COMPLAINT

### Introduction

This is a diversity based healthcare liability action for money damages against health care providers who were involved in the medical management of Virginia Collier on August 31, 2014. The Defendants collectively breached the appropriate standards of care in the medical management of the Plaintiff, Virginia Collier, resulting in severe injuries to Virginia Collier and her unborn daughter, who was delivered on the 3rd day of September, 2014.

### Parties and Jurisdiction

1. The Plaintiffs, Jon Collier (Mr. Collier) and Virginia Collier (Ms. Collier) are husband and wife and are residents of the Commonwealth of Virginia residing at 354 Boone Street, Weber City, Virginia 24290. Mr. Collier and Ms. Collier are the parents of S.D.C., born on the 3rd day of September, 2014.

2. The Defendant, Wellmont Health System d/b/a Wellmont Holston Valley Medical Center (hereinafter "HVMC"), is a hospital medical provider in Kingsport, Tennessee, and is incorporated in the State of Tennessee. Wellmont Health System has designated as its agent for service of process, Gary D. Miller, 1905 American Way, Kingsport, Tennessee 37660.

3. The Defendant, Wellmont Medical Associates, Inc. (hereinafter "WMA"), is a health care provider and is incorporated in the State of Tennessee. Wellmont Medical Associates, Inc. has designated as its agent for service of process, Gary D. Miller, 1905 American Way, Kingsport, Tennessee 37660.

4. The Defendant, James Patrick Beckner, M.D., is a medical doctor licensed in the State of Tennessee, specializing in the specialty of obstetrics and gynecology and who provided care for Ms. Collier on the 31st day of August, 2014, and thereafter. At all times material, Dr. Beckner was an employee, actual agent or apparent agent of WMA and HVMC. Dr. Beckner practices medicine and may be served at 130 West Ravine Road, Suite 3A, Kingsport, Tennessee 37660.

5. The Defendant, Andrea E. King, R.N. (hereinafter "Nurse King"), is a registered nurse licensed in the State of Tennessee and who provided medical care to Ms. Collier on August 31, 2014. At all times material, Nurse King was an employee, actual agent or apparent agent of HVMC. Nurse King may be served at Wellmont Health System, 1905 American Way, Kingsport, Tennessee 37660.

6. The Defendant, Amy K. Skerlec, R.N. (hereinafter "Nurse Skerlec"), is a registered nurse licensed in the State of Tennessee and who provided medical care to Ms. Collier on August 31, 2014. At all times material, Nurse Skerlec was an employee,

2

actual agent or apparent agent of HVMC. Nurse Skerlec may be served, through the Tennessee Secretary of State, at her residence of 3129 New Pacific Rim Drive, Camas, Washington 98607.

7. This action is brought pursuant to *T.C.A.* § 29-26-115, *et seq*.

8. This Court has jurisdiction of the subject matter of this Complaint pursuant to 28 U.S.C. § 1332, because each of the Plaintiffs is a citizen and resident of a different state than each of the Defendants. Furthermore, Plaintiffs allege that the matter in controversy exceeds the jurisdictional sum of $75,000.00.

9. Venue lies in this district pursuant to 28 U.S.C. § 1391 as this cause of action arises out of alleged negligence and injury occurring in the City of Kingsport, Sullivan County, Tennessee.

**Facts**

10. On August 31, 2014, Ms. Collier, while at work, began leaking vaginal fluid. She was, at that time, pregnant at 24 weeks gestation. When her symptoms continued, she and her husband, Mr. Collier, proceeded to HVMC for evaluation, and Ms. Collier was admitted to labor and delivery for observation.

11. The physician on call at the time of her admission was Dr. Beckner, who assumed the obstetrical management of Ms. Collier. Her work-up after admission for ruptured membranes consisted of monitoring for fetal heart rate and contractions, and a ferning test on her vaginal fluid.

12. When the ferning test was interpreted by Nurse King as being negative, Nurse Skerlec reported to Dr. Beckner by telephone that Ms. Collier was in labor and delivery with complaints of discomfort and "leaking." She advised Dr. Beckner

3

that the fern test was negative and advised him of the urinalysis results, and that the fetal heart tones were at 150 and that there were no contractions. Based upon these findings, Dr. Beckner ordered that Ms. Collier should be discharged. Unfortunately, no further testing was ordered by Dr. Beckner to further evaluate for the possibility of ruptured membranes or, in the alternative, Nurse King and Nurse Skerlec failed to perform additional testing on Ms. Collier's vaginal fluid for the possibility of ruptured membranes.

13. Ms. Collier, after discharge, returned home and continued leaking vaginal fluid. On September 3, 2014, when her pain became more intense and the vaginal fluid became green in color, she and Mr. Collier went to the office of her obstetrician, Dr. Peter C. Earl, who examined her and immediately diagnosed Ms. Collier with preterm premature rupture of membranes with chorioamnionitis. She was admitted to HVMC, where Dr. Earl performed an emergency classical caesarean section, delivering S.D.C. at 24 weeks gestation.

14. S.D.C. was admitted to the NICU at HVMC where she received intensive treatment for complications related to chorioamnionitis and prematurity. She has continued to be treated by other institutions for a myriad of medical complications secondary to prematurity that have resulted in permanent and severe physical and mental disabilities.

15. Ms. Collier suffered maternal complications from severe sepsis secondary to chorioamnionitis which have resulted in permanent physical disabilities.

16. S.D.C. and Ms. Collier will continue to be under the care of physicians and health care providers in the future.

17. S.D.C. and Ms. Collier have suffered severe pain, both physical and emotional, and will continue to do so in the future; Ms. Collier has suffered loss of earnings and both Ms. Collier and S.D.C. have suffered loss of earning capacity. Each has incurred substantial medical expenses and will incur such expenses in the future. Each has suffered loss of enjoyment of life.

18. Plaintiff, Mr. Collier, as husband of Ms. Collier and father of S.D.C., joins this action and individually brings his claim for his loss of consortium.

## Cause of Action

19. The Defendants, Dr. Beckner, Nurse King and Nurse Skerlec, breached the applicable standards of care in the care and treatment of Ms. Collier and S.D.C. when they relied solely upon the ferning test as a basis for diagnosing the presence or absence of the amniotic fluid for preterm premature rupture of membranes.

20. If timely treatment had been instituted on August 31, 2014, more likely than not, Ms. Collier would have continued with her pregnancy and more likely than not, Ms. Collier would have avoided her physical and emotional injuries. Further, S.D.C. would have avoided her physical and neurological injuries.

## Notice Requirements

21. The Plaintiff has complied with the provisions *T.C.A.* § 29-26-121(a) by having mailed via certified mail notice of the claim to the Defendant, Wellmont Health System d/b/a Wellmont Holston Valley Medical Center, at the address listed for the Defendant's registered agent and Defendant's current business address, if different, which is evidenced by the Affidavit of Cynthia Williams attached hereto as <u>Collective Exhibit 1</u> which states that such actions occurred, showing that notices were sent by

certified mail to Wellmont Health System d/b/a Wellmont Holston Valley Medical Center on August 5, 2015. Copies of the notices mailed, along with the Certificates of Mailing from the U.S. Postal Service, stamped with the date of mailing, are attached to the Affidavit of Cynthia Williams as <u>Exhibits D and E.</u> The requirements of *T.C.A.* § 29-26-121 have been satisfied.

22. The Plaintiffs have timely complied with the notice requirements of *T.C.A.* § 29-26-121(a) by giving notice and the documents required by said statute to Defendant, Wellmont Health System d/b/a Wellmont Holston Valley Medical Center, more than 60 days prior to the filing of this Complaint.

23. The Plaintiff has complied with the provisions *T.C.A.* § 29-26-121(a) by having mailed via certified mail notice of the claim to the Defendant, Wellmont Medical Associates, Inc., at the address listed for the Defendant's registered agent and Defendant's current business address, if different, which is evidenced by the Affidavit of Cynthia Williams attached hereto as <u>Collective Exhibit 1</u> which states that such actions occurred, showing that notices were sent by certified mail to Wellmont Medical Associates, Inc. on August 5, 2015. Copies of the notices mailed, along with the Certificates of Mailing from the U.S. Postal Service, stamped with the date of mailing, are attached to the Affidavit of Cynthia Williams as <u>Exhibits F and G</u>. The requirements of *T.C.A.* § 29-26-121 have been satisfied.

24. The Plaintiffs have timely complied with the notice requirements of *T.C.A.* § 29-26-121(a) by giving notice and the documents required by said statute to Defendant, Wellmont Medical Associates, Inc., more than 60 days prior to the filing of this Complaint.

25. The Plaintiff has complied with the provisions *T.C.A.* § 29-26-121(a) by having mailed via certified mail notice of the claim to the Defendant, James Patrick Beckner, M.D., at the address listed for the Defendant on the Department of Health's website and Defendant's current business address, if different, which is evidenced by the Affidavit of Cynthia Williams attached hereto as <u>Collective Exhibit 1</u> which states that such actions occurred, showing that notices were sent by certified mail to James Patrick Beckner, M.D. on August 5, 2015. Copies of the notices mailed, along with the Certificates of Mailing from the U.S. Postal Service, stamped with the date of mailing, are attached to the Affidavit of Cynthia Williams as <u>Exhibits A, B and C</u>. The requirements of *T.C.A.* § 29-26-121 have been satisfied.

26. The Plaintiff has timely complied with the notice requirements of *T.C.A.* § 29-26-121(a) by giving notice and the documents required by said statute to Defendant, James Patrick Beckner, M.D., more than 60 days prior to the filing of this Complaint.

27. The Plaintiff has complied with the provisions *T.C.A.* § 29-26-121(a) by having mailed via certified mail notice of the claim to the Defendant, Andrea E. King, R.N., at the address listed for the Defendant on the Department of Health's website and Defendant's current business address, if different, which is evidenced by the Affidavit of Cynthia Williams attached hereto as <u>Collective Exhibit 1</u> which states that such actions occurred, showing that notices were sent by certified mail to Andrea E. King, R.N. on August 5, 2015. Copies of the notices mailed, along with the Certificates of Mailing from the U.S. Postal Service, stamped with the date of mailing, are attached to the Affidavit

of Cynthia Williams as <u>Exhibits L and M</u>. The requirements of T.C.A. § 29-26-121 have been satisfied.

28. The Plaintiff has timely complied with the notice requirements of T.C.A. § 29-26-121(a) by giving notice and the documents required by said statute to Defendant, Andrea E. King, R.N., more than 60 days prior to the filing of this Complaint.

29. The Plaintiff has complied with the provisions T.C.A. § 29-26-121(a) by having mailed via certified mail notice of the claim to the Defendant, Amy K. Skerlec, R.N., at the address listed for the Defendant on the Department of Health's website and Defendant's current business address, if different, which is evidenced by the Affidavit of Cynthia Williams attached hereto as <u>Collective Exhibit 1</u> which states that such actions occurred, showing that notices were sent by certified mail to Amy K. Skerlec, R.N. on August 5, 2015. Copies of the notices mailed, along with the Certificates of Mailing from the U.S. Postal Service, stamped with the date of mailing, are attached to the Affidavit of Cynthia Williams as <u>Exhibits H, I, J and K</u>. The requirements of T.C.A. § 29-26-121 have been satisfied.

30. The Plaintiff has timely complied with the notice requirements of T.C.A. § 29-26-121(a) by giving notice and the documents required by said statute to Defendant, Amy K. Skerlec, R.N., more than 60 days prior to the filing of this Complaint.

**Certificate of Good Faith**

31. Plaintiffs have complied with T.C.A. § 29-26-122 by attaching hereto as <u>Exhibit 2</u> a Certificate of Good Faith in compliance with said statute.

WHEREFORE, Plaintiffs, Jon Collier and wife, Virginia Collier, individually and on behalf of S.D.C., their minor daughter, respectfully demand judgment against the

8

Defendants in an amount to be determined by a jury in excess of the jurisdictional sum contained in 28 U.S.C. § 1332.

Respectfully submitted,

JON COLLIER and wife, VIRGINIA COLLIER individually and on behalf of S.D.C., their minor daughter

BY: _____
Olen G. Haynes, Sr. (BPR #587)
Olen G. Haynes, Jr. (BPR #19420)
Attorneys for Plaintiff
The Haynes Firm
P.O. Box 1879
Johnson City, TN 37605
423-928-0165